UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



FILED
NOV 0 2 2016
Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, LA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 16-124-SDD-EWD |
| --- | --- | --- |
|  | : |  |
| *versus* | : | 18 U.S.C. § 2 |
|  | : | 18 U.S.C. § 242 |
| DANIEL DAVIS, | : | 18 U.S.C. § 371 |
| JOHN SANDERS, and | : | 18 U.S.C. § 1512 |
| JAMES SAVOY | : | 18 U.S.C. § 1519 |
|  | : | 18 U.S.C. § 1623 |

**INDICTMENT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW; CONSPIRACY TO OBSTRUCT JUSTICE; TAMPERING WITH A WITNESS; FALSIFYING REPORTS IN A FEDERAL INVESTIGATION; AND PERJURY**

THE GRAND JURY CHARGES:

At All Times Relevant to this Indictment:

1)   The Louisiana State Penitentiary located in Angola, Louisiana ("LSP–Angola") was a state prison operated by the Louisiana Department of Public Safety and Corrections, the state agency responsible for the custody, control, care, and safety of inmates housed at LSP–Angola.

2)   LSP–Angola was divided into different camps. Camp J was a punishment camp for inmates who had committed disciplinary infractions. Inmates at Camp J were housed in restrictive conditions, including solitary confinement. Camp J had five separate inmate housing units: "Shark," "Gator," "Cuda," "Bass," and "Gar." The Shark unit was composed of two buildings: Shark One/Two and Shark Three/Four. The Shark One unit contained two tiers where the inmates were housed, and one lobby where correctional officers were stationed. A concrete exterior breezeway connected the two buildings.

3)   Camp J was run by four rotating shifts of correctional officers ("COs") referred to as the "A Team," the "B Team," the "C Team," and the "D Team." The Defendants—Major

DANIEL DAVIS, Captain JOHN SANDERS, and Captain JAMES SAVOY—were supervisory members of the B Team, employees of the Louisiana Department of Public Safety and Corrections, and sworn correctional officers.

4) Inmate J.S. was an inmate housed in solitary confinement on the right tier of the Shark One housing unit at Camp J.

5) Each of these allegations is hereby referenced and incorporated into each count of this Indictment.

## COUNT ONE

6) On or about January 4, 2014, in the Middle District of Louisiana, Defendants **DANIEL DAVIS** and **JOHN SANDERS**, while acting under color of law and while aiding and abetting one another, willfully deprived Inmate J.S. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Defendants **DAVIS** and **SANDERS** physically assaulted Inmate J.S. on the Shark One–Right tier while Inmate J.S. was handcuffed and shackled, and failed to intervene to protect Inmate J.S. from being assaulted, despite having the opportunity to do so. This offense resulted in bodily injury to Inmate J.S.

The above is a violation of Title 18, United States Code, Sections 242 and 2.

## COUNT TWO

7) On or about January 4, 2014, in the Middle District of Louisiana, Defendants **DANIEL DAVIS, JOHN SANDERS**, and **JAMES SAVOY**, while acting under color of law and while aiding and abetting one another, willfully deprived Inmate J.S. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Defendants **DAVIS, SANDERS**, and **SAVOY** physically assaulted Inmate J.S. on the exterior breezeway connecting the Shark units while Inmate J.S. was handcuffed

and shackled, and failed to intervene to protect Inmate J.S. from being assaulted, despite having the opportunity to do so. This offense resulted in bodily injury to Inmate J.S.

The above is a violation of Title 18, United States Code, Sections 242 and 2.

### COUNT THREE

8) On or about January 4, 2014, and continuing through June 29, 2015, in the Middle District of Louisiana, Defendants **DANIEL DAVIS**, **JOHN SANDERS**, and **JAMES SAVOY** knowingly and willfully combined, conspired, and agreed with one another and with other correctional officers known and unknown to the grand jury to commit the following offenses against the United States:

    a) To knowingly falsify and make a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction, and in relation to and in contemplation of such a matter, in violation of 18 U.S.C. § 1519;

    b) To knowingly corruptly persuade, attempt to corruptly persuade, and engage in misleading conduct toward, another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of truthful information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3); and

    c) To knowingly give false and misleading testimony about a material matter under oath in a proceeding before and ancillary to a court of the United States, in violation of 18 U.S.C. § 1623.

### Manner and Means of the Conspiracy

9) It was the plan and purpose of the conspiracy for Defendants **DAVIS**, **SANDERS**, **SAVOY**, and their co-conspirators, to cover up the assaults on Inmate J.S. charged in Counts One and Two of this Indictment by engaging in a variety of obstructive acts, including preparing and filing reports documenting a false cover story, making false entries on LSP–Angola time cards to corroborate that false cover story, tampering with witnesses and physical evidence, and repeating the false cover story to anyone inquiring about the incident.

### Overt Acts Committed in Furtherance of the Conspiracy

10) In furtherance of this conspiracy and to effect the objects thereof, members of the conspiracy and other persons known and unknown to the grand jury committed the following overt acts, among others, in the Middle District of Louisiana:

The Cover Story

a) On or about January 4, 2014, Defendants **DAVIS**, **SANDERS**, and **SAVOY**, along with Captain Scotty Kennedy (hereinafter referred to as "the conspirators"), met in the Camp J supervisor's office to discuss how to cover up the assaults on Inmate J.S. charged in Counts One and Two of this Indictment. The conspirators decided that in light of Inmate J.S.'s significant injuries, they could not plausibly deny that there had been some kind of physical confrontation between Inmate J.S. and correctional officers. The conspirators devised a false cover story: (i) that Inmate J.S. was out of his cell and was spitting on and fighting with Captain Kennedy; (ii) that Captain Kennedy, and only Captain Kennedy, used knee strikes, and no other force, to get Inmate J.S. under control; (iii) that Defendant **DAVIS** witnessed Captain Kennedy's use of force and concluded that it was reasonable and necessary to get Inmate J.S. under control; and (iv) that Defendants **SANDERS** and **SAVOY** were not present during the altercation. The conspirators decided

to falsely document that Captain Kennedy was the only correctional officer who used force because several excessive force complaints had previously been filed against Defendants **DAVIS** and **SANDERS**, and the conspirators believed that investigators would view allegations against Captain Kennedy, who had a clean record, with less scrutiny. The conspirators agreed that they would not document the assault on the exterior walkway, charged in Count Two of this Indictment, because they believed that assault was not witnessed by other inmates.

    b) Captain Kennedy wrote and filed an LSP–Angola Unusual Occurrence Report ("UOR") documenting the false cover story they had devised.

    c) Captain Kennedy typed up a UOR for Defendant **DAVIS** documenting the false cover story, and Defendant **DAVIS** signed and adopted it.

    d) Captain Kennedy informed Officer E, a subordinate officer, of the false cover story, typed up a UOR for Officer E corroborating the false cover story, and instructed Officer E to sign it.

    e) Captain Kennedy wrote and filed an LSP–Angola disciplinary report documenting the false cover story and falsely accusing Inmate J.S. of rule violations.

    f) Defendants **SAVOY** and **SANDERS** conducted rounds in the Bass dormitory and the hobby shop with Officer E. Defendants **SAVOY** and **SANDERS** initialed time cards in the Bass dormitory and the hobby shop to indicate, falsely, that they were present in those locations at 9:00 a.m. and 9:03 a.m., respectively. After falsifying the time cards, Defendants **SAVOY** and **SANDERS** told Officer E, "We had your back, now you have to have ours."

    g) Defendants **SAVOY** and **SANDERS** instructed Officer G, who had actually conducted rounds in the Bass dormitory and the hobby shop at 9:00 a.m. and 9:03 a.m.,

respectively, to tell internal investigators, if asked, that Defendants **SAVOY** and **SANDERS** were with Officer G when he conducted those rounds.

      h)      Captain Kennedy ordered Officer H, a subordinate officer, to have an inmate-orderly clean up blood that had spattered on the wall opposite Inmate J.S.'s cell and a pool of blood on the floor in front of Inmate J.S.'s cell before internal investigators had a chance to photograph and document it.

The Internal Affairs Investigation

      i)      On or about January 5, 2014, when they learned that there would be a formal internal affairs investigation, the conspirators met to discuss what they would tell investigators. They agreed to stick to the cover story that they had devised and documented in official LSP–Angola reports.

      j)      On or about January 5, 2014, Captain Kennedy gave Officer E copies of the UORs documenting the false cover story and told Officer E to tell internal investigators the following false statements to corroborate the cover story: (i) that he, Officer E, never put Inmate J.S. in a cell; (ii) that Inmate J.S. physically resisted Captain Kennedy; and (iii) that he, Officer E, called Defendant **DAVIS** over the phone to report a confrontation with security.

      k)      On or about January 8, 2014, the day Officer F was scheduled to be interviewed by internal investigators, Defendant **DAVIS** gave Officer F copies of the UORs documenting the false cover story and told Officer F to "get his story straight." Later that shift, as Officer F was leaving Camp J to be interviewed, Defendant **DAVIS** pulled aside Officer F and told him to say that Inmate J.S. had been non-compliant.

The Civil Lawsuit

1) On or about June 29, 2015, Defendant **DANIEL DAVIS** was deposed under oath in connection with a civil lawsuit filed by Inmate J.S. arising out of the assaults on Inmate J.S. charged in Counts One and Two of this Indictment. Defendant **DAVIS** repeated the cover story the conspirators had devised and, in so doing, made several false statements and material omissions under oath.

The above is a violation of Title 18, United States Code, Section 371.

## COUNT FOUR

11) On or about January 4, 2014, in the Middle District of Louisiana, Defendant **DANIEL DAVIS**, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **DAVIS** signed and adopted a UOR documenting the false cover story he and his co-conspirators had devised to cover up the assaults charged in Counts One and Two of this Indictment. That report stated, in pertinent part: (a) that when "[Defendant **DAVIS**] arrived on the unit [he] witnessed Capt Scotty Kennedy on Shark 1 Right on the tier floor and [Inmate J.S.] was struggling and fighting with Capt Kennedy"; and (b) that during the incident, "[Inmate J.S.] . . . started to try to spit" at Defendant **DAVIS** and Captain Kennedy. That report omitted: (c) that Defendant **SANDERS** was present and used force against Inmate J.S. Those statements were false because, as Defendant **DAVIS** then well knew, (a) when Defendant **DAVIS** arrived on the unit, Inmate J.S. was handcuffed and shackled and locked securely in his cell—he was not struggling or fighting with Captain Kennedy on the Shark One–Right tier; (b) Inmate J.S. did not spit at or try to spit at Defendant **DAVIS** and Captain Kennedy; and (c) Defendant **SANDERS** was present and used force against Inmate J.S.

The above is a violation of Title 18, United States Code, Section 1519.

## COUNT FIVE

12) On or about January 4, 2014, in the Middle District of Louisiana, Defendant **JOHN SANDERS**, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **SANDERS** initialed time cards in the Bass dormitory and hobby shop to indicate that he was present in those locations at 9:00 a.m. and 9:03 a.m., respectively. Those entries were false because, as Defendant **SANDERS** then well knew, he was not in the Bass dormitory and hobby shop at those times; he was in the Shark One unit and on the exterior breezeway participating in the assaults charged in Counts One and Two of this Indictment.

The above is a violation of Title 18, United States Code, Section 1519.

## COUNT SIX

13) On or about January 4, 2014, in the Middle District of Louisiana, Defendant **JAMES SAVOY**, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **SAVOY** initialed time cards in the Bass dormitory and hobby shop to indicate that he was present in those locations at 9:00 a.m. and 9:03 a.m., respectively. Those entries were false because, as Defendant **SAVOY** then well knew, he was not in the Bass dormitory and hobby shop at those times; he was in the Shark One unit and on the exterior breezeway while the assaults charged in Counts One and Two of this Indictment were taking place.

The above is a violation of Title 18, United States Code, Section 1519.

## COUNT SEVEN

14) On or about January 4, 2014, in the Middle District of Louisiana, Defendant **DANIEL DAVIS** knowingly corruptly persuaded, and attempted to corruptly persuade, LSP–Angola employees under his supervision with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of truthful information relating to the commission and possible commission of a federal offense. Specifically, Defendant **DAVIS** instructed Captain Kennedy and Officer F, among other correctional officers, to stick to the false cover story in order to cover up the assaults charged in Counts One and Two of this Indictment.

The above is a violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT EIGHT

15) On or about June 29, 2015, in the Middle District of Louisiana, Defendant **DANIEL DAVIS** was deposed under oath as a defendant in a case then being tried before the United States District Court for the Middle District of Louisiana, Savoie v. Davis, et al., Civil Action No. 14-0700, which arose out of the assaults on Inmate J.S. charged in Counts One and Two of this Indictment. During his deposition, in response to questioning, Defendant **DAVIS** knowingly made the following material statements: (a) that when he arrived on the Shark One unit, Inmate J.S. was out of his cell and was struggling with Captain Kennedy; (b) that Inmate J.S. was "twisting and yelling and cussing and screaming and bucking and throwing a fit"; (c) that Defendants **SANDERS** and **SAVOY** were not present when officers were escorting Inmate J.S. off of the Shark One unit; (d) that when Defendant **DAVIS** and other officers transported Inmate J.S. off of the Shark One unit, they "brought him straight to the patrol"; and (e) that Defendant **DAVIS** "never told [Captain] Kennedy to lie about anything" or "to falsify any documents."

16) Those statements were false because, as Defendant **DAVIS** then well knew, (a) when he arrived on the Shark One unit, Inmate J.S. was handcuffed and shackled and locked

securely inside of his cell; (b) when Defendant **DAVIS** ordered Inmate J.S. to come out of his cell, Inmate J.S. complied—he did not twist, yell, cuss, scream, buck, or throw a fit; (c) Defendants **SANDERS** and **SAVOY** were among the officers who escorted Inmate J.S. off of the Shark One unit; (d) immediately after Defendant **DAVIS** and other officers transported Inmate J.S. off of the Shark One unit, they assaulted Inmate J.S. on the exterior breezeway; and (e) Defendant **DAVIS** told Captain Kennedy to lie to investigators about the assaults charged in Counts One and Two of this Indictment, and to falsify reports, to cover up their misconduct.

The above is a violation of Title 18, United States Code, Section 1623.

UNITED STATES OF AMERICA, BY

A TRUE BILL

_[signature]_

J. WALTER GREEN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

**REDACTED
PER PRIVACY ACT**
GRAND JURY FOREPERSON

_[signature]_

FREDERICK A. MENNER, JR.
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

11/2/16
DATE

_[signature]_

CHRISTOPHER J. PERRAS
TRIAL ATTORNEY
CIVIL RIGHTS DIVISION

11/2/16
DATE

10

**Criminal Cover Sheet**     **U.S. District Court**

**Place of Offense:**

City     Angola

County/Parish     West Feliciana

Matter to be sealed: __X__ No ____ Yes

**Related Case Information:**

Superseding Indictment ____ Docket Number ____
Same Defendant ____ New Defendant ____
Magistrate Case Number ____
Search Warrant Case No. ____
R 20/ R 40 from District of ____
Any Other Related Cases: __16-121-JWD-EWD__

**Defendant Information:**

Defendant Name:     Daniel Davis
Alias
Address:
Birthdate:     SS #:     Sex:     Race:     Nationality:

**U.S. Attorney Information:**

AUSA:     Frederick A. Menner, Jr.     NC Bar #:     19707

Interpreter: __X__ No ____ Yes     List language and/or dialect:

**Location Status:**

Arrest Date ____
____ Already in Federal Custody
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: __6__

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. §§ 242 and 2 | Deprivation of Rights Under Color of Law | 1, 2 | Felony |
| 18 U.S.C. § 371 | Conspiracy to Obstruct Justice | 3 | Felony |
| 18 U.S.C. § 1519 | Falsifying Reports in a Federal Investigation | 4 | Felony |
| 18 U.S.C. § 1512(b)(3) | Tampering with a Witness | 7 | Felony |
| 18 U.S.C. § 1623 | Perjury | 8 | Felony |

Date: __11/2/16__     Signature of AUSA: _Frederick A. Menner Jr_

District Court Case Number (To be filled in by deputy clerk): ____

**Criminal Cover Sheet          U.S. District Court**

**Place of Offense:**                                    Matter to be sealed: __X__ No ____ Yes

City            Angola                                   **Related Case Information:**

County/Parish   West Feliciana                           Superseding Indictment ____ Docket Number _____
                                                         Same Defendant _____ New Defendant _____
                                                         Magistrate Case Number _____
                                                         Search Warrant Case No. _____
                                                         R 20/ R 40 from District of _____
                                                         Any Other Related Cases: ___16-121-JWD-EWD___

**Defendant Information:**

Defendant Name:   James Savoy
Alias
Address:
Birthdate:        SS #:              Sex:            Race:              Nationality:

**U.S. Attorney Information:**

AUSA: Frederick A. Menner, Jr.       NC Bar #: 19707

Interpreter:  _X_ No    __ Yes       List language and/or dialect:

**Location Status:**

Arrest Date  _____
_____  Already in Federal Custody
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:  ___3___

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. §§ 242 and 2 | Deprivation of Rights Under Color of Law | 2 | Felony |
| 18 U.S.C. § 371 | Conspiracy to Obstruct Justice | 3 | Felony |
| 18 U.S.C. § 1519 | Falsifying Reports in a Federal Investigation | 6 | Felony |

Date: 11/2/16         Signature of AUSA: *Frederick A. Menner Jr* (signature)

District Court Case Number (To be filled in by deputy clerk): _____

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Angola

County/Parish: West Feliciana

**Matter to be sealed:** __X__ No ____ Yes

**Related Case Information:**

Superseding Indictment ____ Docket Number _____
Same Defendant _____ New Defendant _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
Any Other Related Cases: __16-121-JWD-EWD__

**Defendant Information:**

Defendant Name: John Sanders
Alias
Address:
Birthdate:    SS #:    Sex:    Race:    Nationality:

**U.S. Attorney Information:**

AUSA: Frederick A. Menner, Jr.    NC Bar #: 19707

Interpreter: __X__ No    ____ Yes    List language and/or dialect:

**Location Status:**

Arrest Date _____
____ Already in Federal Custody
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: __4__

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. §§ 242 and 2 | Deprivation of Rights Under Color of Law | 1, 2 | Felony |
| 18 U.S.C. § 371 | Conspiracy to Obstruct Justice | 3 | Felony |
| 18 U.S.C. § 1519 | Falsifying Reports in a Federal Investigation | 5 | Felony |

Date: 11/2/16    Signature of AUSA: *Frederick A. Menner Jr* (signed)

**District Court Case Number** (To be filled in by deputy clerk): _____